[No. 9335.    Department One.    January 26, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Schwabacher*
    *Brothers & Co., Inc., Plaintiff,* v. THE SUPERIOR
        COURT FOR KING COUNTY, *Respondent.*[1]

VENUE — FIXING BY AGREEMENT — VALIDITY — PUBLIC POLICY. An
agreement in a note that the venue of any action thereon shall be in
a particular county, is not void as against public policy, in view of
Rem. & Bal. Code, § 216, permitting parties to stipulate that the
action may be tried in any county in the state, and §§ 207-209,
whereby the court is given jurisdiction regardless of where the
action is commenced, and whereby the right to a change to the
proper county is waived if not raised at the proper time.

CERTIORARI — WHEN LIES — CHANGE OF VENUE — REMEDY BY APPEAL.
Certiorari lies to review an order for a change of venue, since the
remedy by appeal is inadequate.

FULLERTON, J., dissents.

Certiorari to review an order of the superior court for King
county, Albertson, J., entered December 30, 1910, granting
a change of venue in an action upon a promissory note.
Reversed.

*Leopold M. Stern (W. H. B. Thomas* and *H. L. Smith,* of
counsel), for relator.

*Martin & Barrows* and *John E. Humphries,* for respondent.

MOUNT, J.—This case is upon a writ of certiorari to re-
view an order of the superior court of King county, changing
the place of trial from King county to Chelan county, in the
case of Schwabacher Brothers & Company, Inc., against
Don M. Thomas.   The facts are as follows:   On April 15,
1910, Don M. Thomas, for value, executed and delivered his
promissory note for $372.50, to Schwabacher Brothers & Co.,

[1]Reported in 112 Pac. 927.

Inc., payable on or before September 1, 1910. The note contained the following provision:

"And in case suit be brought to collect this note or any part thereof . . . the maker agrees that the venue of said suit or action may be laid in King county, Washington."

On December 7, 1910, after the maturity of the note, Schwabacher Brothers & Co., Inc., brought an action upon said note in the superior court of King county. The complaint was in the usual form. Service was made upon the defendant in Chelan county. On December 8, the defendant appeared in that action and filed a general demurrer to the complaint. He also filed a motion for a change of venue, for the reason that the county designated in the complaint was not the proper county. This motion was accompanied by an affidavit stating that the defendant was served with process in Chelan county, which county was at the time of the commencement of the action, and now is, his *bona fide* residence, and that the defendant is not a resident of King county. Upon this showing the order changing the place of venue was made. Our statutes bearing upon the question are as follows:

"The action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action, or may be served with process, subject, however, to the power of the court to change the place of trial, . . ." Rem. & Bal. Code, § 207.

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits, and demands that the trial be had in the proper county." Rem. & Bal. Code, § 208.

"The court may, on motion, in the following cases, change the place of trial, when it appears, by affidavit or other satisfactory proof,—

"(1) That the county designated in the complaint is not the proper county, . . . ." Rem. & Bal. Code, § 209.

"Notwithstanding the provisions of section 209, all the parties to the action by stipulation in writing or by consent in open court entered in the records may agree that the place of trial be changed to any county of the state, and thereupon the court must order the change agreed upon." Rem. & Bal. Code, § 216.

It is apparent from these sections that the superior court of King county had jurisdiction both of the subject-matter of the action and of the parties thereto. If that county was not the proper county for the trial, the defendant might demand a change of venue. The question therefore to be determined in this action is, Did the defendant, by the agreement in the note, waive his right to demand a change of venue for the reasons stated in the motion? If the action had been brought originally in Chelan county, the residence of the defendant, there can be no doubt that the parties by stipulation might have agreed to the change to King county, for the statute, at § 216, expressly so provides. The policy of the law, therefore, is that the parties may agree that the place of trial shall be in any county of the state. If the parties may do this after the action is begun, they may certainly do so before; and this is clearly what they did. It is argued by respondent that this agreement in the note is void as against public policy. If the place of trial had been fixed by statute, there would, no doubt, have been force in this position. But, as we have seen above, the policy of this state is that the parties themselves may fix the place of trial in any county of the state, by stipulation in writing or by consent in open court. Cases from states having different statutes are, therefore, not in point, and we are satisfied that the court erred in making the order.

Respondent also asserts that the relator has a complete remedy by appeal. This question was decided adversely to such contention in *State ex rel. Wyman etc. Co. v. Superior Court*, 40 Wash. 443, 82 Pac. 875, 111 Am. St. 915, 2 L. R. A. (N. S.) 568.

The order changing the venue is reversed, and the cause remanded for further proceedings.

DUNBAR, C. J., PARKER, and GOSE, JJ., concur.

FULLERTON, J., dissents.