[No. 11269. Department Two. May 5, 1914.]

THOMAS CULBERTSON, *Respondent*, v. GILBERT HUNT
COMPANY et al., *Appellants*.[1]

VENUE—CHANGE—DISCRETION. It is not an abuse of discretion to
refuse a change of venue to S. county, in which two of the defend-
ants resided and in which the other defendant, a corporation, had
an office for the transaction of business, where the action was for
wrongful attachment of property in W. county, in which county the
attachment suit had been tried, and which was the most convenient
place for the attendance of witnesses.

Appeal from a judgment of the superior court for Whit-
man county, Neill, J., entered December 27, 1912, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion in tort. Affirmed.

*Samuel R. Stern*, for appellants.

*Charles R. Hill* and *R. M. Burgunder*, for respondent.

PARKER, J.—This is an action to recover damages which
the plaintiff claims resulted to him from a wrongful issuance
of an attachment, and the levying of the same upon his prop-
erty at the instance of the defendant Gilbert Hunt Com-
pany. Verdict and judgment were rendered against the de-
fendants, from which they have appealed.

It is contended by counsel for appellants that the trial
court erred in denying their motion for a change of venue
to Spokane county, made upon the sole ground that the de-
fendants Mitchell and Brewer are residents of that county,
and that Gilbert Hunt Company has an office in that county.
The attachment was levied upon the property of respondent
in Whitman county, and the action in which the attachment
was issued was also tried and disposed of in that county,
though it was originally commenced in Spokane county. Ap-
pellant Gilbert Hunt Company is a corporation, and has an

[1]Reported in 140 Pac. 548.

office for the transaction of its business in Whitman county. Its home office is in Walla Walla county. Whatever damages respondent is entitled to recover in this action were occasioned in Whitman county by the seizure of his property therein under the attachment. Whitman county was a more convenient place of trial of the cause than Spokane county would be, in so far as the attendance of witnesses is concerned, which manifestly was the principal convenience to be considered in the trial of this case. We are quite clear that the trial judge acted well within the bounds of his judicial discretion in denying the motion for a change of venue to Spokane county. Indeed, had he granted the motion, there would, it seems to us, have been much more room for arguing that he thereby abused his discretion. Rem. & Bal. Code, §§ 206, 207, 209 (P. C. 81 §§ 107, 109, 111).

Contention is made that the evidence does not support the verdict and judgment. We deem it sufficient to say that a review of those portions of the evidence to which our attention has been called convinces us that it was ample to warrant the conclusions reached by the jury.

Other errors are claimed by counsel for the appellants. We think they do not call for a discussion. They were, in any event, not prejudicial to appellants' rights.

The judgment is affirmed.

CROW, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.