[No. 16155. Department One. April 20, 1921.]

WALTER M. LEOPOLD, *Appellant*, v. L. H. LIVERMORE *et al., Respondents.*[1]

VENUE (14, 19½)—CHANGE—DISCRETION—CONVENIENCE OF WIT-NESSES. Under Rem. Code, § 207, providing that trial must be had in the county of defendant's residence, and under Id., § 209, providing that the court may change the place of trial upon satisfactory proof that "the convenience of witnesses or the ends of justice would be forwarded by the change", an application for change of venue based on the ground of convenience of witnesses is a question addressed to the sound judicial discretion of the court and reviewable only for manifest abuse.

APPEAL (445)—HARMLESS ERROR—CONDUCT OF ATTORNEY. The action of counsel in an action for personal injuries in stating what the verdict of the coroner's jury was in the case of another person killed in the same accident, was not reversible error, where the same fact was elicited in the deposition of a witness which was read to the jury without objection.

[1]Reported in 197 Pac. 778.

NEW TRIAL (10, 15)—MISCONDUCT OF PARTY AFFECTING JUROR—IN-FLUENCING JUROR. A willingness expressed by defendant to permit a juror to ride in his automobile cannot be urged as prejudicial error, where, on the poll of the jury, it appeared such juror did not agree with the verdict in favor of defendant.

SAME (10, 15). The fact that a defendant, in an action for injuries resulting from an automobile collision, parked his car in such a position that it could be seen by the jury in passing in and out of the court room, after the court had denied a request of his counsel to allow the jurors to examine it, was not such misconduct as to warrant a new trial.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered May 29, 1920, upon the verdict of a jury rendered in favor the defendants, in an action in tort, after a trial on the merits. Affirmed.

*Samuel R. Stern* and *A. R. Hilen,* for appellant.

*Thomas Smith* and *Coleman & Gable,* for respondents.

FULLERTON, J.—The appellant, Leopold, instituted this action against the respondents, Livermore, in the superior court of Spokane county, to recover in damages for injuries received in an automobile accident occurring in that county. The respondents are, and were at the time of the commencement of the action, residents of Skagit county and were served with summons while in the county of their residence. At the time they appeared in the action, the respondents filed an affidavit of merits and moved the court to transfer the cause to Skagit county, the place of their residence. This motion the trial court granted. After the cause had been docketed in Skagit county, the appellant moved, under § 209 of the code (Rem.) to change the place of trial to Spokane county, basing the motion on the third subdivision of that section, which authorizes a court to change the place of trial when "the conven-

ience of witnesses or the ends of justice would be forwarded by the change." This motion the trial court denied. The cause was then tried on its merits to a jury, and resulted in a verdict and judgment in favor of the respondents.

In this court the appellant, as grounds for reversing the judgment, contends that the court erred; first, in refusing to change the place of trial to Spokane county; second, in permitting counsel for the respondents at the trial of the cause to refer to the verdict of the coroner's jury, returned at an inquest held in Spokane county over the body of Dr. Schlosberg, who was killed in the accident; and third, in refusing to grant a new trial because of improper conduct on the part of the respondent L. H. Livermore at the time of the trial.

It is to the first of these assignments that the argument of counsel in this court is mainly directed. Preliminarily, it may be noted that when the respondents applied to the court of Spokane county for a change of venue to the county of their residence, the appellant resisted the motion on the ground that the convenience of witnesses and the ends of justice required that the cause be tried in Spokane county. The court ruled, however, that the respondents could, under the statutes, insist as a matter of right that the venue of the action be changed to the county of their residence, and that it was a primary question for the court of that county to determine where the trial should be had, and declined to consider the question, entering an order changing the venue to Skagit county. In so ruling, the court followed a practice subsequently held by this court in *State ex rel. Owen v. Superior Court,* 110 Wash. 49, 187 Pac. 708, to be the correct practice. The question, therefore, whether the convenience of wit-

nesses or the ends of justice required the cause to be tried in Spokane county was a primary question for the court of Skagit county, in determining which it was privileged to apply to its consideration the rules and principles of law applicable to actions originally instituted before it.

The statute relating to the venue of civil actions is found at §§ 204 to 219 of the code (Rem.). These need not be set forth at length. After providing for the place of commencement and the place of trial of certain local actions, it is provided (§ 207):

"In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action, or may be served with process, subject, however, to the power of the court to change the place of trial, as provided in the next two succeeding sections."

The first of the sections referred to provides that, if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant at the time he appears demands that the trial be had in the proper county. The second (§ 209), provides:

"The court may, on motion, in the following cases, change the place of trial, when it appears by affidavit or other satisfactory proof, . . .

"3. That the convenience of witnesses or the ends of justice would be forwarded by the change; . . ."

Construing these sections of the statute, we have heretofore uniformly held that an application based on the ground of convenience of witnesses appealed to the discretion of the court, and would be reviewed by us only for manifest abuse. *State ex rel. Port Blakely Mill Co. v. Superior Court,* 9 Wash. 673, 38 Pac. 155; *Culbertson v. Gilbert Hunt Co.,* 79 Wash. 446, 140 Pac.

548; *State ex rel. Conley v. Superior Court,* 106 Wash. 569, 181 Pac. 50.

So we have held with reference to the somewhat similar statutes relating to a change of venue in criminal causes. *McAllister v. Washington Territory,* 1 Wash. Terr. 360; *Edwards v. State,* 2 Wash. 291, 26 Pac. 258; *State v. Straub,* 16 Wash. 111, 47 Pac. 227; *State v. Champoux,* 33 Wash. 339, 74 Pac. 557; *State v. Welty,* 65 Wash. 244, 118 Pac. 9; *State v. Smith, ante* p. 405, 197 Pac. 770.

In *State v. Welty, supra,* this language was used:

"It is apparent, from a reading of these sections, that a granting or denying of the change of venue is a matter resting entirely in the sound judicial discretion of the trial judge. Such being the statute, the ruling of the trial court cannot be reversed upon appeal, unless the record contains some evidence of its gross abuse, or it is shown that the court's ruling was arbitrary. . . . Such also is the general rule in construing statutes of like import. 12 Cyc. 243."

Turning to the showing made, it is not to be doubted that the moving party showed with sufficient definiteness that the convenience of his own witnesses would be forwarded by a change of the place of trial to Spokane county. It not only appears that the accident giving rise to the action occurred in that county, but that all of the witnesses he desired to call, with possibly two exceptions, resided therein. But this is not alone a controlling consideration. The convenience of the defendant and his witnesses must also be given consideration. Subject only to the power of the court to change the place of trial, he has the absolute right to have the cause tried in the county of his residence; the language of the statute being that it "must be tried" therein, subject only to this power to change. It thus appears that the plaintiff may not himself

select the forum of trial. He is the aggressor in the action. It is he who seeks affirmative relief, and it is no injustice to him to say, as the statute does say, that he must wage his action in the place of the defendant's residence, however more convenient some other place might be to him. The court therefore, when the application was made to it for the change, had the right to take into view the entire situation, rather than alone the convenience of the appellant.

Of the actual eyewitnesses to the transaction, the greater number testified on behalf of the respondents, and of these, three, aside from the respondents themselves, were actual residents of Skagit county. In addition to these three, others were called who were residents of Skagit county. Clearly, we think, the court could justly hold that it would have been as great an inconvenience to the respondents to hold the trial in Spokane county as it was to the appellant to hold it in Skagit county. At any rate, when it is remembered that it was the right of the respondents (no other cause intervening) to have the trial held in the county of their residence, this court cannot well say that the trial court abused its discretion in refusing to direct a change.

After the application for the change had been denied by the trial court and prior to the trial of the merits of the action, the appellant sought by mandamus in this court to compel the court to grant a change. In his brief the appellant says that every statement made on the hearing of that application "has been proved and fortified by what has taken place since said application was made." If this be an appeal to the trial record, and it be meant that the appellant did not have a fair and impartial trial on the merits, or that all of the material witnesses to the transaction were not

brought before the jury, we cannot agree therewith. Quite the contrary, we are convinced that the appellant did have a fair and impartial trial before an impartial jury, and that the evidence of no witness who could have materially aided him was withheld from the jury because of the place of trial. Indeed, we are convinced that the appellant did not fail at the trial because he was unable to produce his evidence, but failed because the decided weight of the evidence was against him.

The other assignments of error merit no extended consideration. Concerning the first of these, counsel, in making his opening statement to the jury, stated that he would offer in evidence the verdict of the coroner's jury which inquired into the cause of the death of Dr. Schlosberg. Objection was made to this on the ground that the verdict was inadmissible as evidence and, during the course of the colloquy over its admissibility, counsel stated what the verdict of the jury was. But since the same fact appeared in the deposition of a witness, which was read to the jury without objection, it is difficult to see wherein there was such misconduct on the part of counsel as to require a retrial of the action.

The final contention is that there was misconduct on the part of the defendant L. H. Livermore. The specific charges are that he attempted to influence a juror by inviting her to ride to her house in his car, and that he disobeyed the ruling of the court with respect to the inspection of the car. The first of the charges has this foundation: At the adjournment of the court on a certain day of the trial, some one approached the respondent and inquired if he had room in his car for a lady. He answered, "Yes," when a Mrs. Rayburn, one of the jurors, approached him and

inquired which way he was going. He told her, when she answered that she would not be aided by a ride in that direction, and passed on. This may show a willingness on the respondent's part to permit the juror to ride with him, but that no actual wrong was committed is apparent. Counsel say that his conduct was intended to "curry favor with the juror," but if this were the purpose it clearly availed the respondent nothing. On the poll of the jury, after the return of the verdict, this juror answered that it was not her verdict.

The second of the charges is that the respondent brought the automobile, which he was driving at the time of the collision in Spokane county, to the scene of the trial and parked it in such a position that it could be seen by the jury while passing in and out of the court room, after the court had denied the request of his counsel to allow the jurors to examine it, and that at two different times he was seen lounging about it in such a manner as to indicate to the passers-by that it was his automobile. Counter affidavits were filed explaining the transaction, showing that there was no actual misconduct, much less intentional actual misconduct.

As the trial judge decided that no cause was shown warranting a new trial, we are constrained to agree with that conclusion.

PARKER, C. J., HOLCOMB, and BRIDGES, JJ., concur.