[No. 24623. Department Two. July 19, 1933.]

THE STATE OF WASHINGTON, *on the Relation of K. O. Lund et al., Plaintiff, v.* THE SUPERIOR COURT FOR OKANOGAN COUNTY, *Respondent.*[1]

*George E. Canfield,* for relators.

*A. N. Corbin,* for respondent.

[1]Reported in 24 P. (2d) 79.

BLAKE, J.—This is an application for a writ of prohibition to restrain the superior court of Okanogan county from proceeding further in a cause pending in that court. The cause is entitled: "Ernest Leedy, Plaintiff, v. K. O. Lund and Mrs. K. O. Lund, Defendants." The action is predicated on a promissory note signed by the husband alone. It is alleged to be, however, the community obligation of the relators. The relators seasonably made a motion for a change of venue to Kittitas county, that being the county of their residence.

Under the rule of *State ex rel. Schwabacher Bros. & Co. v. Superior Court,* 61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C, 814, Mr. Lund is not entitled to a change of venue, by reason of the following stipulation contained in the note:

"Each and every party signing . . . this note hereby . . . agrees, in case suit is brought to collect this note, . . . that at the option of the holder hereof, the venue of said suit be laid in Okanogan county, Wash."

Construing Rem. Rev. Stat., § 216, it was held in the *Schwabacher* case that one signing a note which contained a provision similar to that quoted waived his right to have an action on the note tried in the county of his residence. The question here is whether the husband alone can bind the community to such a stipulation.

It is too well settled to require citation of authority that a promissory note executed in pursuit of a community enterprise is a community obligation; and the presumption is that it is such. But it is equally well settled that the presumption is not conclusive. The community character of the obligation may be challenged by the wife. She has the right to be heard before the debt can be stamped with finality as a com-

munity obligation. This is a substantial right which belongs to the wife individually, and which may be asserted by her even after sale of community property on execution, in cases where she was not made a party. *Andrews v. Andrews*, 3 W. T. 286, 14 Pac. 68; *Bryant v. Stetson & Post Mill Co.*, 13 Wash. 692, 43 Pac. 931; *Dane v. Daniel*, 23 Wash. 379, 63 Pac. 268.

Since the right to challenge the character of the indebtedness is personal to the wife, she alone can waive the right to be heard on it in the county of her residence. Mrs. Lund, not having signed the note, is not within the letter of the stipulation contained in it. To hold that she is bound by it, would necessitate an extension of the rule of the *Schwabacher* case. This we think should not be done. The right of a defendant in a transitory action to a change of venue to the county of his residence is conferred by statute, and is held to be absolute. *State ex rel. Martin v. Superior Court*, 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F, 905. It will not be held to be waived by implication. 27 R. C. L. 785.

The writ will issue.

BEALS, C. J., TOLMAN, and MAIN, JJ., concur.

STEINERT, J. (dissenting)—The statutes of this state, in so far as they bear upon this matter, are as follows:

"An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action." Rem. Rev. Stat., § 205-1.

"If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county." Rem. Rev. Stat., § 208.

"The court may, on motion, in the following cases,

change the place of trial, when it appears by affidavit or other satisfactory proof,—

"(1) That the county designated in the complaint is not the proper county; . . ." Rem. Rev. Stat., § 209.

"Notwithstanding the provisions of section 209, all the parties to the action by stipulation in writing or by consent in open court entered in the records may agree that the place of trial be changed to any county of the state, and thereupon the court must order the change agreed upon." Rem. Rev. Stat., § 216.

In the case of *State ex rel. Schwabacher Bros. & Co. v. Superior Court,* 61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C, 814, referred to and discussed in the majority opinion, the defendant, a resident of Chelan county, was served with process in King county. The defendant filed a motion for a change of venue for the reason that the county designated in the complaint was not the proper county. The note sued on contained the following provision:

"And in case suit be brought to collect this note or any part thereof . . . the maker agrees that the venue of said suit or action may be laid in King county, Washington."

In the opinion, the court quoted the above sections of the statute as they then stood, and as they now stand except for several changes not material here. We there said:

"It is apparent from these sections that the superior court of King county had jurisdiction both of the subject-matter of the action and of the parties thereto. If that county was not the proper county for the trial, the defendant might demand a change of venue. The question therefore to be determined in this action is, Did the defendant, by the agreement in the note, waive his right to demand a change of venue for the reasons stated in the motion? If the action had been brought originally in Chelan county, the residence of the defendant, there can be no doubt that the parties by stip-

ulation might have agreed to the change to King county, for the statute, at § 216, expressly so provides. The policy of the law, therefore, is that the parties may agree that the place of trial shall be in any county of the state. If the parties may do this after the action is begun, they may certainly do so before; and this is clearly what they did. It is argued by respondent that this agreement in the note is void as against public policy. If the place of trial had been fixed by statute, there would, no doubt, have been force in this position. But, as we have seen above, the policy of this state is that the parties themselves may fix the place of trial in any county of the state, by stipulation in writing or by consent in open court. Cases from states having different statutes are, therefore, not in point, and we are satisfied that the court erred in making the order.''

In the present case, it is alleged that the note is a community obligation, and, of course, it is presumptively so. The note being a negotiable instrument in form, its character as such is not affected by a provision which "waives the benefit of any law intended for the advantage or protection of the obligor." Rem. Rev. Stat., § 3396, subd. 3. If the note be, in fact and in law, a community obligation, the community is bound thereby. The community might, of course, show, either through the husband or the wife, that it is not, in fact, a community obligation. That, however, is not a jurisdictional question. On the contrary, the jurisdiction of the court is invoked to determine that very issue. To the extent, therefore, of showing the character of the obligation, the community may go, but that of itself does not defeat the jurisdiction of the court to determine the issue involved.

The husband is, in any event, obligated on the note. Under the statute, an action may be begun in any county wherein any one of the defendants resides. Rem. Rev. Stat., § 205-1, *supra*. The other defendants,

who may reside in a different county, are not thereby entitled to a change of venue. The superior court of Okanogan county had jurisdiction of the husband, under the authority of the *Schwabacher* case. Having jurisdiction of the subject matter and of one of the parties, the court had the power and the right to proceed with the case, unless it appeared by affidavit or other satisfactory proof that the county designated was not the proper county. Rem. Rev. Stat., § 209, *supra.* But since the jurisdiction of one of the parties was complete, the action was begun in the proper county, and therefore proof could not be made that suit was brought in the wrong county.

I think that the writ should not issue in this case, and therefore dissent from the majority opinion.