[No. 28430. Department One. September 30, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Electrical Products Consolidated, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Donald A. McDonald, Judge, Respondent.*[1]

*Elliott & Kells*, for relator.

*W. G. Boland*, for respondent.

MAIN, J.—The relator, Electrical Products Consolidated, is a corporation organized under the laws of this state, with its principal place of business in the city of Seattle, and will be referred to as the electrical company. Edward Williams and Esther Williams, his wife, are residents of the city of Spokane. May 2, 1938, Mr. Williams contracted to purchase certain electrical supplies, which were to be delivered to him in the city of Spokane. May 5, 1939, the electrical company contracted to maintain and service the equipment. Neither of the contracts was signed by Mrs. Williams, and each of them contained a provision to the effect that, if suit or action was brought, the venue thereof could be laid in King county.

[1]Reported in 117 P. (2d) 201.

The contract of sale provided for a certain sum in monthly payments, and the service contract provided for a specified sum to be paid each month. Both contracts were in arrears as to the payments, and the electrical company brought an action in King county against Mr. and Mrs. Williams for the purpose of collecting those delinquent payments. In that action, judgment was sought against Mr. Williams, individually, and against the marital community, composed of himself and Mrs. Williams.

After the action was begun, a motion was made by the attorney for Mr. and Mrs. Williams for an order changing the venue and place of trial of the action from King county to Spokane county, giving two reasons therefor, first, that Mr. and Mrs. Williams are now, and were at all times since the entering into of negotiations with the electrical company, and for many years before, residents of Spokane county; second, that the ends of justice will be "forwarded" and the convenience of witnesses will be better served if the place of trial is changed to Spokane county.

Mr. Williams made what is called an affidavit of merits in support of the motion. The electrical company filed a motion in opposition to the change of venue, supported by affidavit. The matter came on for hearing, and the court entered an order "that said motion for change of venue be, and is hereby, granted," and followed this with the statement that the motion to strike and amend would be sustained. After this order was entered, the electrical company came to this court and asked for a writ of mandate, directed to the superior court, to require it to set aside the order granting the change of venue.

The order, as it already appears, was general. It does not specify whether it was granted on the ground

of convenience of witnesses or whether it was granted because the wife, not having signed either of the contracts, had a right to have the change of venue to the place of her residence, the county of Spokane, she being a member of the community.

Whether the affidavit supporting the motion on the ground of convenience of witnesses is sufficient or not we shall pass without determination. Also, we shall not determine whether the showing made by the wife was sufficient to give her the legal right to the change to the place of her residence.

█ Rem. Rev. Stat., § 1014 [P. C. § 8187], provides that a writ of mandamus may be granted by any court, except a justice's or a police court,

" . . . to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, . . . "

It will be noted that this statute provides, so far as is here applicable, that the writ will be granted "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, . . . " As applied to the superior court, the question would be, whether there is any law making it the duty of the trial court to vacate the order which it had entered changing the venue to Spokane county.

It cannot be questioned but that the motion asking for a change of venue on account of the convenience of witnesses called for the exercise of the court's judgment or discretion, and in this respect it cannot be said that there was any duty imposed upon it by law to vacate the order.

Assuming now, without deciding, that the showing was sufficient to justify Mrs. Williams in invoking the aid of the court to transfer the venue to Spokane

county, we shall pass the question of whether, in that respect, an affidavit of merits is necessary.

The petition for the writ of mandate will be denied.

ROBINSON, C. J., STEINERT, BLAKE, and DRIVER, JJ., concur.