[No. 28430.   Department One.   December 22, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Electrical Products Consolidated, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Donald A. McDonald, Judge, Respondent.*[1]

*Elliott & Kells,* for relator.

*W. G. Boland,* for respondent.

PER CURIAM.—After the Departmental opinion in this case was filed [10 Wn. (2d) 517, 117 P. (2d) 201],

[1]Reported in 120 P. (2d) 484.

the plaintiff presented a petition calling attention to a misstatement in the opinion and asking for a reconsideration. Thereupon, an answer was called for, which has been filed. The case is now before us upon the petition and the answer thereto.

In writing the opinion, the fact that, upon the hearing for the transfer of the cause to the county of Spokane, the residence of the defendants, that part of the motion asking for a transfer on the ground of convenience of witnesses had been withdrawn, was overlooked by the writer. The motion, in so far as it asked for a transfer on account of the residence of the defendants, was sustained.

█ The husband alone signed the contracts involved in this case, and it was recited therein that, in case action should be brought, it could be maintained in King county, where the contracts were executed. The wife did not sign the contracts, and it is apparent that they evidenced a community obligation, as well as an individual obligation of the husband who signed them. The husband, having signed the contracts and waived the right to have them tried in the county of the residence of the defendants, is bound by such waiver. *State ex rel. Schwabacher Bros. & Co. v. Superior Court,* 61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C, 814. The wife, not having signed the contracts, was not bound by the waiver signed by her husband, and she had a right to ask for the change of venue to the county of her residence. *State ex rel. Lund v. Superior Court,* 173 Wash. 556, 24 P. (2d) 79.

██ Rem. Rev. Stat., § 208 [P. C. § 8542-3], provides that, if an action is brought in the wrong county, the action may, nevertheless, be tried therein, unless the defendant, as therein provided, "files an affidavit of merits and demands that the trial be had in the proper county."

In this case, a motion was made to transfer, and also an affidavit of merits. The relator in this proceeding, the plaintiff in the action, says that neither of these met the requirements of the statute, because it was not recited therein that the motion was made on behalf of the community, or that the affidavit was made on behalf of the community. The motion was made by the attorney for the defendants, and recites: "Comes now defendants and move the court for an order changing the venue and place of trial of the above entitled action from King County to Spokane County," setting forth the reasons therefor. This motion says: "Comes now defendants." The defendants named in the caption are, "Edward Williams and Esther Williams, husband and wife." The affidavit was made by Mr. Williams, and recites that he and his wife are the defendants in the above entitled action, and that they are residents of Spokane. It further recites that he had consulted his attorney and stated to him the facts, and he was advised by the attorney that he had a complete defense to both of the plaintiff's causes of action.

The statute does not say that the defendant seeking the transfer shall sign the demand, but only requires that such a demand be made for trial in the proper county. Here, the demand was made on behalf of Mrs. Williams by her attorney by way of motion. It could not be that the attorney was asking for a change of venue for any other reason than on behalf of the community, inasmuch as no judgment was sought individually against Mrs. Williams.

As to the affidavit on the merits, that was signed and verified by Mr. Williams, and even though it does not recite that it is made on behalf of the community, it necessarily follows that such was the intention. It would be too restricted a construction of the statute

to say that either the motion or the affidavit was not sufficient to meet the requirements thereof.

Mrs. Williams had a right to have the case transferred to Spokane county. The order making the transfer will be sustained.

The Departmental opinion will be adhered to, except in so far as it is out of harmony with what is herein said.

The writt will be denied.