HON. FRANCIS A. CHENOWETH.................... DO DO

GEORGE GALLAGHER............................ CLERK, 1854.

W. WALLACE WARD.............................. CLERK, 1855.

---

## NESQUALLY MILL COMPANY *vs.* JAMES S. TAYLOR.

An attachment is but an auxiliary proceeding under the laws of Washington Territory.

A defective affidavit for attachment not cause for disturbing a judgment.

Defective affidavit for attachment may be cured by supplemental affidavit.

Defect in the record not materially affecting the merits not sufficient cause for setting aside judgment.

ERROR to the Second Judicial District holding terms at Olympia.

Opinion by McFADDEN, Associate Justice.

This was an action brought by the defendant in error in the District Court of Thurston County, to recover compensation for work and labor, as also, for money and merchandise furnished the plaintiff in error. Auxiliary to the action an attachment issued, founded on the affidavit of the plaintiff below.

The plaintiff in error asks to have the judgment in the case reversed, on the ground that the affidavit on which the attachment is founded is defective, inasmuch as it is drawn in the alternative, when it should have affirmed one or more of the propositions contained in section 132 of the Practice Act. This defect might have been remedied in the court below, by filing supplemental affidavits on the part of plaintiff; but furnishes no sufficient ground for interfering with the final judgment, as the attachment is not an original proceeding under our practice act, but auxiliary thereto.

The second error assigned, is that the judgment of the court below was rendered on the affidavit of B. F. Shaw, which was read in evidence on the trial. An examination of the record does not exhibit the nature and character of the evidence before the court or the number of witnesses examined. This court is therefore not only bound to presume the evidence competent, but that it was sufficient to warrant the verdict and judgment of the court.

The third and last error assigned is, that the judgment was not rendered at a legal term of the court below and is void. The Organic Law of this Territory provides that the times and places for holding the courts in the several districts shall be as prescribed by law. The Legislature has provided that the November terms for Thurston County shall be held on the second Monday of November. The record shows that this case was called on Tuesday the second day of the term, and there is nothing to satisfy this court that any steps were taken in this cause from the time it was first called until final judgment, which did not occur at the regular term of the court for Thurston County.

It is true that the record in this case is extremely defective, as there is an omission to note many things which must necessarily have occurred in the court below, but as these omissions do not materially affect the merits of the case, we deem it unnecessary to refer to them, as we believe substantial justice has been done between the parties. We will not therefore disturb the judgment.

Judgment affirmed with interest and costs, and the clerk of this court is directed to issue execution on the application of the plaintiff below, defendant in error herein, or his counsel.