[No. 1551.   Decided October 27, 1894.]

THE STATE OF WASHINGTON, *on the relation of Port Blakely Mill Company et al.*, v. THE SUPERIOR COURT OF SKAGIT COUNTY *et al.*

LOGS AND LOGGING — FORECLOSURE OF LIEN — CONSTRUCTION OF COMPLAINT — CHANGE OF VENUE — CONVENIENCE OF WITNESSES.

Where it sufficiently appears from the allegations of a complaint that the action is intended as one for the foreclosure of loggers' liens, although some of the allegations give it the character of an action for damages for the eloignment of logs, the court is warranted in denying a motion for a change of venue based on the ground that as an action for damages it has not been brought in the proper county, if, by amendment, the complaint could be made adequate in the foreclosure proceedings without changing the nature of the action.

43—9 WASH.

A motion for a change of venue on the ground that the convenience of witnesses and the ends of justice would be forwarded by the change is addressed to the discretion of the court, and where such discretion has not been abused, the order of the court denying the motion will not be disturbed.

*Original Application for Prohibition.*

*R. S. Jones*, for relator.

*Nickeus & Van Horne*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.— This is a petition for prohibition against the superior court of Skagit county to prohibit said court from trying the cause of *W. C. Rogers et al. v. Port Blakely Mill Co. et al.* When the complaint was filed a demurrer was tendered to it on several grounds. During the pendency of the demurrer the relators, defendants below, moved the court for a change of venue, on the grounds: (1) That the county mentioned in the complaint is not the proper county for the trial of the action; (2) that the convenience of the witnesses and the ends of justice will be forwarded by the change.

The first ground mentioned in the motion is based on the contention that the complaint filed in this case is a complaint for an eloignment of logs, instead of an action for a foreclosure of the logger's lien. It is conceded that if this contention be correct the action was brought in the wrong county, and the motion for a change of venue should have been granted by the court. It is also conceded that if the action was an action of foreclosure it was brought in the proper county, being the county in which the lien was filed.

The plaintiffs confessed the demurrer and asked leave to file an amended complaint. Whereupon the court overruled the motion for a change of venue and granted leave to file an amended complaint as asked for. So that the only question for this court to determine is whether or not

the original complaint filed was really a complaint for an eloignment or for the foreclosure of the lien.

Whether the complaint was such a complaint as would be good against a demurrer to its sufficiency it is not necessary for us to determine, for if it stated enough of the necessary elements of a foreclosure suit so that by amendment it could be made a complete complaint in foreclosure without changing the nature of the action, it would be sufficient to warrant the court in denying the motion for a change of venue and in granting the request of the plaintiffs to file an amended complaint. We think it can be gathered from the original complaint filed in this case that it was the intention of the plaintiffs to bring an action of foreclosure of a logger's lien.

It is true that the complaint alleges in paragraph 8 that "the said defendant, the Port Blakely Mill Company, has purchased of said Skagit Boom Company and E. S. Alexander, receiver, and had delivered to it, about 600,000 feet of said logs, upon which the said plaintiff had duly and legally filed his lien within the said thirty days." Were it not for this allegation there certainly could be nothing in the contention that it was an action for eloignment. But this, it seems to us, is nothing more than an assertion that the Skagit Boom Company had some interest in these logs, and was made a party for the purpose of having that interest, whatever it might be, adjudicated. Such averments of interests are common in foreclosure cases. In this particular case the interest is set forth specifically. But the allegations of the complaint, viz., that eight calendar months have not elapsed since the filing of said lien; that the lien was duly filed; that it was filed within thirty days of the date within which the plaintiff ceased to perform work and labor upon said logs; that fifty dollars is a reasonable attorney's fee to be allowed plaintiff's attorney for the foreclosure of this lien; and the other allegations of

the complaint throughout, convince us that enough could be gathered to warrant the court in concluding that the action was an action of foreclosure instead of eloignment.

The other ground urged for the change of venue, viz., that the convenience of witnesses and the ends of justice would be forwarded by the change, was an appeal to the discretion of the court, and as there is nothing in the record to show that this discretion was abused, and the court found against the defendants on that proposition, the finding will not be disturbed here. On the whole, we think the court was justified in overruling the defendant's motion for a change of venue, and in granting the plaintiffs' motion to be allowed to amend the complaint.

The writ will, therefore, be denied.

ANDERS, STILES, SCOTT and HOYT, JJ., concur.