[No. 15674.   Department One.   February 9, 1920.]

THE STATE OF WASHINGTON, *on the Relation of La Verne Owen, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent*.[1]

VENUE (6)—NATURE OF ACTION—ANCILLARY PROCEEDINGS—ATTACHMENT OF REAL ESTATE IN TRANSITORY ACTION. An action upon a promissory note in which real estate was attached is not an action for the recovery of, quieting title to, or for the enforcement of liens upon real estate, within Rem. Code, § 32, laying the venue of such actions in the county in which the real estate is situated; since the attachment is but an ancillary proceeding not affecting the same.

SAME (12, 16)—CHANGE—RIGHT TO CHANGE—RESIDENCE OF DEFENDANT. Under Rem. Code, § 208, where the action is not a local one, the defendant is entitled, as a matter of right, to a change of venue to the county of his residence, and the court, on timely application, has no discretion in the matter.

SAME (16)—MOTION BASED ON OTHER GROUNDS—EFFECT. Defendant's motion for a change of venue to the county of his residence, as a matter of right under Rem. Code, § 208, is not affected by a further motion for the change on the ground of convenience of witnesses, under Id., § 209, and there being no dispute as to his residence, the change should be granted without passing on the controverted facts as to convenience of witnesses.

SAME (20)—DEMAND FOR CHANGE—TIME FOR DEMAND—ANSWER OR DEMURRER—NECESSITY. Rem. Code, § 208, providing that a defendant, at the time of answering or demurrer, may file an affidavit of merits and move for a change of venue to the county of his residence, is sufficiently complied with by making the application at the time of filing written notice of appearance, accompanied by a demand and affidavit of merits.

PROHIBITION (7) — EXISTENCE OF OTHER REMEDY — TO COMPEL CHANGE OF VENUE. Prohibition lies to compel a change of venue to the county of defendant's residence, since the remedy by appeal is inadequate.

Application filed in the supreme court January 10, 1920, for a writ of prohibition to the superior court

[1]Reported in 187 Pac. 708.

for Spokane county, Blake, J., to restrain the trial of a case and compel the granting of a change of venue. Granted.

*Nelson Anderson,* for plaintiff.

*J. P. Perkins,* for respondent.

MACKINTOSH, J.—An action was commenced in Spokane county against the defendant (relator here) upon a promissory note, and property belonging to the defendant was attached as security for the satisfaction of such judgment as might be recovered (Rem. Code, § 647). After personal service had upon the defendant, she appeared, filed an affidavit of merits and an application for a change of venue to King county, based upon the grounds, first, that her residence was in King county, and second, that the convenience of witnesses and the ends of justice would be forwarded by a change to King county. This motion was supported by the affidavit of the defendants, and a counter-showing was made by affidavit, but no denial was made of the fact, as alleged by the defendant, that she was a resident of King county; the only issue framed being which county would best serve the convenience of witnesses. The motion came on to be heard before the judge of the superior court of Spokane county, who is the respondent in this action, and after a hearing the motion was denied and an order made retaining the case in Spokane county for trial. The relator then commenced this action of prohibition to restrain the Spokane county court from proceeding further with the cause.

One of the arguments made in support of the retention of the cause in Spokane county is that the action was a local and not a transitory one, and it was therefore immaterial in what county the defendant might reside. There having been an attachment of land in

Spokane county, Rem. Code, § 32, it was argued, applied; that section providing:

"The process of the superior courts shall extend to all parts of the state: *Provided,* That all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions is situated."

The suit under consideration was one upon a promissory note, and was not an action "for the recovery of possession of, or quieting title to, or for the enforcement of liens upon real estate." The attachment issued was a writ which furnished an auxiliary remedy to the main action.

The first case decided by the supreme court of the territory of Washington held that an attachment was not an original proceeding. *Nesqually Mill Co. v. Taylor,* 1 Wash. Terr. 1, and in *Windt v. Banniza,* 2 Wash. 147, 26 Pac. 189, the court said:

"An attachment proceeding is not an action, but only a proceeding ancillary to an action and does not in any manner affect the main issues in the case."

In different text books it is referred to as a "sequestration"; "species of distress," and "execution in advance"; nowhere, that we are aware of, has an attachment such as was issued in this case, been held to make the action in which it was issued one for the enforcement of a lien. In discussing the venue of suits to enforce liens upon real estate, after declaring the law to be that such actions are to be tried in the place in which the land is situated, it is further stated, in 40 Cyc. 67, as follows:

"The rule looks to actions which are brought for the very purpose of enforcing an existing lien, encumbrance, or charge upon land. It does not include

actions for the enforcement of obligations which are wholly *in personam*—as an action upon a promissory note not secured by a lien on the land, even if plaintiff, on bringing his action, obtains an attachment against defendant's land.''

The action not having been a local one, it could not be retained in Spokane county as a matter of right, and the residence of the defendant became a proper matter of inquiry. Section 208, Rem. Code, reads:

''If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits, and demands that the trial be had in the proper county.''

And when the defendant in an action shows that the county in which the action is commenced is not the proper county then, as a matter of right, he is entitled to a transfer to the county of his residence. *State ex rel. Martin v. Superior Court*, 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905; *State ex rel. Poussier v. Superior Court*, 98 Wash. 565, 168 Pac. 164. No question of fact, as we have seen, having been involved in this question of residence, the court had no discretion in that matter and defendant was entitled, as of right, to a transfer to the county of her residence.

But this case is not so simple as the annunciation of the rule up to this point, for now arises a complication which presents a question of practice novel to this court. At the time the motion was filed, under § 208, removal was asked not only on the ground of residence, but proceeded, under § 209, to ask for the removal of the case on one of the other grounds covered by that section, which reads as follows:

''The court may, on motion, in the following cases, change the place of trial, when it appears by affidavit or other satisfactory proof,

"1. That the county designated in the complaint is not the proper county; or

"2. That there is reason to believe that an impartial trial cannot be had therein; or

"3. That the convenience of witnesses or the ends of justice would be forwarded by the change; or

"4. That from any cause the judge is disqualified; which disqualification exists in either of the following cases: In an action or proceeding to which he is a party, or in which he is interested; when he is related to either party by consanguinity or affinity within the third degree; when he has been of counsel for either party in the action or proceeding."

The allegations of the defendant, showing the desirability of change upon the second ground, were controverted, and there was thus presented to the court a disputed question of fact upon which he was privileged to pass, as the evidence might appear to him to preponderate, and in the determination of which he was entitled to the exercise of a certain amount of discretion. In other words, under the second ground alleged by the defendant for a change of venue, she was not entitled to that change as a matter of right. The question is, therefore, whether, by joining in her motion the two grounds, she has waived *the right* to removal on the ground of residence, and has submitted to the court the question *of privilege* of removal on the ground of the convenience of witnesses.

A plausible argument is producible in affirmation of such result, but in our opinion that argument is fallacious. The statute which calls for the assertion by the defendant of the right to change of venue upon the defendant's first appearance in the action must mean that, at that time, the defendant assert all the grounds upon which he claims or asks removal, and that it was not the intention that the defendant, if he thought that he was entitled to a change of venue by reason of his

residence, and was also entitled to a change by reason of the other provisions of § 209, has, at his peril, to select either the ground of residence or the other grounds specified in § 209; or that he must first assert his right on the ground of residence, and, if that be denied, present a further motion alleging the other grounds specified in § 209. These sections were not intended as traps, nor as furnishing rewards to those who might correctly guess the proper procedure thereunder. They exist for the purpose of providing a fair trial. To accomplish that purpose, the simple and orderly way of proper practice is that, in the defendant's first appearance in the case, he allege all the grounds, under §§ 208 and 209, which he believes entitled him to a change, the court to then proceed to determine whether the defendant is a resident of the county in which the action is brought. If it should be determined that the defendant was not such a resident, then, as a matter of right, he is entitled to have the action transferred to his home county, and to have the court of that county pass upon all the other questions in the case; for if the defendant is sued in the county of which he is not a resident, upon a transitory action, he is not to be compelled to remain in the courtroom of the county in which the action has been improperly brought beyond the time when it is determined that he is a resident of some other county, and he is entitled to have the court of his own county hear and determine all the matters at issue in that lawsuit, as he was entitled, from the beginning, to have had the action instituted in that county.

If the court should determine that defendant's motion, upon the ground of residence, was not established, the defendant would not be entitled to a change of venue under that provision, and the court should then proceed to determine whether the defendant was

entitled to a change under such other grounds of § 209 as might have been suggested, determining the right to removal upon the admission of testimony relating thereto and, by the proper exercise of its discretion, granting or denying the motion. This is what should have been done in the instant case, and it not having been disputed that the defendant is a resident of King county, the court should have transferred the case to King county where could have been argued such motions as the plaintiff might then have made for a re-transfer.

A forced construction of a portion of the opinion in *State ex rel. Schlosberg v. Superior Court,* 106 Wash. 320, 179 Pac. 865, might lend some color of aid to the contention that the Spokane county court had a right to pass upon the controverted facts, although it appeared defendant was entitled to a change of venue upon the ground of residence; but a careful reading of the *Schlosberg* case shows that that question was not involved for the reason that in that case the change of venue was granted on the ground of residence, and after the transfer had been made, the court to which the transfer was made then passed upon the question of retransfer for the convenience of witnesses, etc. In other words, the procedure which in this opinion we are sanctioning as proper was the procedure followed in the *Schlosberg* case.

A motion for change of venue on the ground of residence is not to be nullified because accompanied by motion based upon other grounds, nor by counter motions of the plaintiff, setting up other grounds. That is to say, the defendant's right cannot be denied by his simultaneous assertion of his privileges, nor by the plaintiff's assertion of his privileges.

It is further argued that the motion was improperly granted for the reason that § 208 provides that, at the

time of answering or demurring, an affidavit of merits shall be filed and motion made for change of venue, and that, neither answer nor demurrer having been filed, the motion was improper. In *State ex rel. Poussier v. Superior Court,* above, the authorities on this point are discussed and the statute was held to mean.that:

"The defendant may make the demand when he appears in the action, rather than that he may make it only when he appears by the particular pleas enumerated. Here the defendant gave written notice of his appearance and accompanied the notice with a demand and affidavit of merits. This we hold to be a compliance with the requirements of the statute."

The last point raised is that the relator has an adequate remedy by appeal, therefore a writ of prohibition should not issue, and we are invited to a view of a multitude of cases in which it is claimed that this court has, in the main, adhered to the doctrine that an extraordinary writ will not issue where the relator might obtain full relief by the right of appeal given him by the law. Interesting as such an excursion might prove to be, we will refrain from taking it, we having already held in *State ex rel. Martin v. Superior Court,* and *State ex rel. Poussier v. Superior Court,* above, that prohibition is the proper remedy, and that the remedy by appeal affords no adequate protection, and a defendant being, as a matter of right, entitled to a transfer of the action to his own county, he should not wrongfully be compelled to defend the action in the county in which it was originally instituted, and thereafter appeal. The defendant here, being entitled to a removal, as a matter of right, the court had no jurisdiction to proceed after that right had been dem-

onstrated, and prohibition will lie to prevent the court from acting without, or in excess of, jurisdiction.

The writ will issue.

HOLCOMB, C. J., MAIN, PARKER, and MITCHELL, JJ., concur.