[No. 18811.   Department Two.   December 23, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Nettie R. Ross, Plaintiff,* v. THE SUPERIOR COURT FOR KLICKITAT COUNTY, *Homer Kirby, Judge, Respondent.*[1]

VENUE    (21)—CHANGE—AFFIDAVITS    FOR    CHANGE—SUFFICIENCY. Upon defendant's motion for change of venue on the ground of convenience of witnesses, it is not incumbent upon the moving party to set forth in detail what facts her witnesses, which she named, would testify to, where the generality of plaintiff's allegations were such that defendant could not know in advance what his evidence would be; and it is sufficient to state in general terms the nature of her testimony.

SAME (14)—CHANGE OF VENUE—DISCRETION—CONVENIENCE OF WIT-NESSES.  While a motion for change of venue, asked on the ground of the convenience of witnesses, is largely addressed to the discretion of the trial court, it is an abuse of discretion to deny the motion, where it is shown that the convenience of witnesses of both parties will be promoted by the change.

SAME (14)—CHANGE—DISCRETION—PHYSICAL CONDITION OF PARTY. It is an abuse of discretion to refuse a change of venue promoting the convenience of all the witnesses, on account of the condition of plaintiff's health and the effect thereon of travel, where he was not living in the county of his residence, but in another state, no further from the place of trial.

Application filed in the supreme court July 26, 1924, for a writ of mandamus to compel the superior court for Klickitat county, Kirby, J., to grant a change of venue.   Granted.

*Chadwick, McMicken, Ramsey and Rupp,* for relator.

*Ward & Brodie,* for respondent.

PER CURIAM.—In January, 1924, Francis M. Ross began an action in the superior court of Klickitat county, seeking a decree of divorce from Nettie R. Ross, the

[1] Reported in 231 Pac. 453.

relator in this proceeding. The relator was then a resident of Seattle, in King county. After the service of process upon her, she, through her attorneys, gave notice of her appearance in the action, and at the same time moved that the venue of the action be changed to King county. The court, after a hearing, denied the motion, whereupon the relator instituted this proceeding in review of the order.

The grounds of the motion were these, namely, (1) that the defendant is a resident of King county; (2) that all of the matters alleged by plaintiff as grounds for divorce occurred in King county; and (3) that the convenience of witnesses and the ends of justice will be forwarded by the change. The relator, in support of her motion, relied upon the allegations of the complaint, supplemented by affidavits. The grounds of divorce, as set forth in the complaint, are cruel treatment of the plaintiff by the defendant and personal indignities, rendering life burdensome. It is alleged therein that sometime after their marriage the parties "went to Seattle and rented a home," and the acts of cruelty and personal indignities upon which the complaint is founded are alleged to have taken place while they were residing at Seattle.

In her own affidavit the relator avers that all of the witnesses on whom she will rely to combat the allegations of cruelty charged in the complaint are residents of King county; that she is without means to transport them to Klickitat county, even if they would consent to go; and that, if she is compelled to go to trial in the county in which the action is begun, she will be compelled to submit her defense on depositions, and will be thus denied the benefit of the personal appearance of the witnesses before the trier of the facts. She further avers that she supports herself and her

two daughters of a former marriage by means of her own labor, assisted by the charity of her mother. She avers that the lands she owns described in the complaint are not a source of revenue; that for many years the receipts therefrom, over and above the costs of its care and protection, have not been sufficient to pay the general taxes levied thereon, and that these she has been compelled to meet from other resources. She also avers that she is now, and for a long time has been, afflicted with a persistent eczema which requires constant treatment, and that the treatment is of such a nature that it cannot be administered away from the office of her physician. As to her disease and the necessity for treatment she is supported by the affidavit of her physician. He avers that the disease with which the relator is afflicted is one requiring constant and unintermitted treatment, and that its suspension for any considerable period of time would result detrimentally to the health of the relator.

In opposition to the motion, the plaintiff in the action filed his own affidavit, in which he sets forth an illness and want of means to prosecute his cause in the county to which the change is sought. As to his general health, he is supported by the affidavit of his physician. It appears from these affidavits that he is, and for a long time has been, in bad health so as to be unable to pursue his ordinary calling except at infrequent intervals. It further appears, however, that for more than a year last past he has not maintained his actual residence in Klickitat county, but is in fact actually residing at Portland, Oregon, and it is a physician residing at the last named place who supports the claim of ill-health. He does not aver that he intends to again actually take up his residence in Klickitat county, nor does he aver that the witnesses by whom he expects to support his allegations of cruelty reside in

Klickitat county. His averments in regard to the convenience of witnesses are that the value of the land in Klickitat county will be an issue, and also that it will be an issue whether he competently and with industry managed the farm, and that the witnesses to these facts reside in Klickitat county.

In the briefs of counsel are quotations taken from the memorandum opinion of the trial court filed at the time it denied the motion. We do not find the opinion in the record, but assuming that the quotations are correct, it appears that the court denied the motion on the ground that the relator "... failed to set up what the witnesses will testify to, and, in the absence of a statement as to the facts which they will testify to, the court is unable to determine whether their testimony is material or not."

And further:

"On the question of furthering the ends of justice, I am of the opinion that the affidavits show a greater financial and physical disability on the part of the plaintiff than on the defendant."

With regard to the first reason assigned by the court, it is true that the relator, although she named the witnesses which she alleged to be material for her defense, did not set forth in detail what facts the witnesses would give in evidence. Her averments in this particular are that the persons named "were acquainted with the parties, either living with, visiting on occasion, or frequently present in the home of the plaintiff and defendant" in King county, and were all familiar with the domestic life of plaintiff and defendant; that each of them will be present at the trial and testify in person if the trial is had in King county, and that they will rebut all of the charges of cruelty and personal indignities alleged by the plaintiff in his complaint, if testified to by the plaintiff at the trial.

It seems to us that there is here a sufficient showing of the materiality of the witnesses. In his complaint the plaintiff detailed two specific acts of cruelty, and then makes the following allegation:

"That the plaintiff will not attempt to detail every time that the defendant became enraged after that without justification, but plaintiff alleges that as often as every two weeks during the time they lived together, the defendant became enraged at the plaintiff and would then kick, strike and scratch the plaintiff, and many times threatened to kill the plaintiff. That many of said times the defendant became angry at the plaintiff because he interfered when defendant was cruelly treating her daughter."

Manifestly, the relator could not set out in detail what her witnesses would say as to the proofs the plaintiff might introduce under this allegation of the complaint, yet the allegation is sufficiently definite to admit of proofs, if the relator did not require, before joining issue thereon, that it be made more definite and certain. But this, under the statute, she could not do before moving for the change of venue without waiving her right to such a change, as the code provides that the defendant must move for the change at the time he appears in the action. (Rem. Comp. Stat., § 208) [P. C. § 8541]. Since, therefore, the relator could not know what the nature of the plaintiff's evidence would be because of the generality of his allegations, and since she could not have made them more definite and certain without waiving her right to move for a change of venue, it must follow that she can aver in general terms what the nature of her evidence will be, else the plaintiff will secure an advantage by the indefiniteness of his pleading. This, manifestly, should not obtain, and we conclude that the affidavits are sufficient to show the materiality of the witnesses.

It is, of course, somewhat within the discretion of the court whether it will or will not grant a change of venue on the ground of the convenience of witnesses. But discretion in this regard is never arbitrary. It must, like discretion in other matters, be based on reason. If it appears from the entire showing that the convenience of witnesses will be promoted by the change, the court cannot deny it on the ground of discretion without an abuse of discretion. To hold otherwise would be to deny to a party the benefit of the statute. Here there is no showing that the plaintiff's own witnesses to the main cause of action will be discommoded by the change. He does not state where his witnesses reside by whom he expects to substantiate his charges of cruelty. Since he alleges the acts of cruelty to have occurred in King county, the natural presumption would seem to be that they reside there. But be this as it may, there can be no presumption that King county will not be as convenient for them as will the county of Klickitat. It must follow that the order of the trial court cannot be sustained on the ground here suggested.

The second reason assigned by the court, we think, is also without merit. Were the plaintiff actually residing in Klickitat county, his condition of health might be entitled to consideration. But, as we have said, the record shows that he is actually residing in Portland, Oregon, and the court knows from the geographical situation that there will be little difference, in so far as he is affected, whether the trial is heard in the one county or the other. Both are away from his actual residence, and to reach the county seat of King county he will be required to travel no considerable distance farther than he will be required to travel to reach the county seat of Klickitat county.

We have not overlooked the argument of the plaintiff, advanced at the hearing at bar, that the principal contest will be over the value of the land, which is situated in Klickitat county. But we cannot accept this view. The division of the property between the parties is but a secondary consideration. The land is the relator's, acquired by her before her marriage with the plaintiff, and the plaintiff can have no claim thereto until he establishes his right to a divorce.

The writ prayed for will be granted.

MACKINTOSH, J. (concurring)—Usually hesitant to interfere with a matter involving the trial court's discretion, I am nevertheless constrained to agree with the foregoing opinion.