[Nos. 21182, 21183.   Department Two.   May 22, 1928.]

THE STATE OF WASHINGTON, *on the Relation of F. T. Merritt et al., Plaintiffs,* v. THE SUPERIOR COURT FOR KITSAP COUNTY, *Respondent.*

THE STATE OF WASHINGTON, *on the Relation of Mildred L. Heath, Plaintiff,* v. THE SUPERIOR COURT FOR KITSAP COUNTY, *Respondent.*[1]

[1] VENUE (14)—CHANGE—CONVENIENCE OF WITNESSES—DISCRETION OF COURT.   Notwithstanding defendant's right to be sued in the county of his residence, it is an abuse of discretion to refuse a change of venue for the convenience of witnesses, as authorized by Rem. Comp. Stat., § 209, where it appears that there are many material witnesses to an automobile collision in another county, more than twenty miles from the county seat of the other county, with no showing of any material witness in such county, and that refusal of the change might operate as a denial of justice.

Application filed in the supreme court March 15, 1928, for a writ of mandamus to compel the superior court for Kitsap county, Sutton, J., to grant a change of venue.   Granted.

*Huffer, Hayden, Merritt, Summers & Bucey,* for relator.

*N. A. Pearson,* for respondent.

TOLMAN, J.—These cases, while not consolidated, arise out of the same state of facts and were both submitted upon the same briefs and arguments.

It appears that, on the evening of November 5, 1927, an automobile belonging to the relators Merritt and driven by Mrs. Merritt, came into collision, at the intersection of Stone Way and 51st street in the city of Seattle, with a car driven by one Walter G. Attwell.

[1]Reported in 267 Pac. 503.

Conceiving that the fault lay with Attwell, the Merritts instituted an action in the superior court for King county against Attwell and wife to recover for personal injuries to Mrs. Merritt and the damages sustained by the Merritt car.

At the same time relator Heath, who was a guest in the Merritt car at the time of the accident, instituted a like action in the same court to recover for personal injuries, which it was alleged she had sustained.

Learning that the Attwells resided, or were sojourning, in Kitsap county, the papers were sent there for service, whereupon the attorneys who were prosecuting the two actions were informed that the Attwells were in Jefferson county, and the papers were sent to that county and were there served. In due time the Attwells appeared in both actions by demurrer and by answer, and accompanied their appearance with motions for a change of venue to Kitsap county, on the ground that they were actually residents of that county. A sufficient showing was made, and the actions were both removed to and docketed in Kitsap county. Thereafter, relators filed an application in each cause in the superior court for Kitsap county for a change of the place of trial to King county on the ground "that the convenience of witnesses in said action requires such change, and that the ends of justice would be forwarded by the change."

The application was supported by the affidavit of relator F. T. Merritt, the material parts of which are as follows:

"That he is one of the plaintiffs in the above entitled action and is also a member of the law firm of Huffer, Hayden, Merritt, Summers & Bucey, attorneys for said plaintiffs; that as such plaintiff and attorney, he has fully investigated the facts involved in said suit and the witnesses who will, or would be able to, testify for

either party therein, and from such investigation and his personal knowledge, he says: that the plaintiffs are husband and wife, now and for many years prior hereto residing in Seattle, King county, Washington; that the collision between the automobile of the plaintiffs and the automobile of the defendants, which is the basis for this suit, occurred at about 8:30 o'clock in the evening of November 5, 1927, at the intersection of 51st street and Stone Way, two public highways in said city of Seattle; that at said time the automobile of the plaintiffs was being driven by E. S. Merritt, one of the plaintiffs, and there was then in her said automobile, Mildred L. Heath, daughter of plaintiffs, and her two minor children, Mildred Jean Heath, aged 3 years, and Marily Louie Heath, aged 2 years; that defendant Walter G. Attwell was then alone in and driving the automobile of defendants, which ran into plaintiffs' automobile at said time and place.

"Affiant further says that all of the witnesses for either plaintiffs or defendants in said action, except only the said defendant, Walter G. Attwell, reside in the city of Seattle, King county, Washington, outside of said Kitsap county, and more than 20 miles from the place of trial of said action in Kitsap county; that plaintiffs will have not less than fifteen witnesses to prove the allegations of their complaint herein; besides the plaintiff, E. S. Merritt, they will have said Mildred L. Heath, an eyewitness, who lives alone in Seattle with her two small children, and she cannot conveniently nor safely take said children to Port Orchard for said trial, nor leave them in Seattle while she attended said trial; they will have another eyewitness, a boy about 12 or 14 years of age, who lives in Seattle, outside of Kitsap county, and more than 20 miles from the place of trial of said action in Kitsap county, and could not be compelled to attend as a witness in said action in Kitsap county and undoubtedly would not be permitted to so attend.

"That plaintiffs will have several witnesses who saw both said automobiles immediately after said collision and who can testify from their position and marks upon the pavement where and how said collision took

place, which testimony would be material in proving plaintiffs' allegations of negligence on the part of defendants; plaintiffs will have several witnesses who saw their said automobile shortly after it was so struck and before it was or could be moved, who can also give material testimony showing how and where it was struck and tending to prove plaintiffs' allegations of negligence on the part of defendants; they will have at least four witnesses who can testify as to the damage caused to plaintiffs' automobile by said collision; they will have witnesses as to the personal injuries sustained by plaintiff, E. S. Merritt, on account of said accident, probably including one or more physicians living in Seattle. They will have several witnesses who will testify as to measurements of the streets, and places where said collision occurred, and as to photographs of said intersection, all of which will be competent and material in determining the issues involved in this action.

"Affiant cannot say at this time, nor until he hears the evidence produced by defendants in support of the denials and allegations in their answer herein, what other witnesses they will need or be able to secure, but if any others are needed or secured, they will all be residents of Seattle, King county, Washington.

"Affiant further says that he believes defendants can not have or secure any witnesses in said action to support the denials or allegations of their answer who live in Kitsap county, save only said defendant, Walter G. Attwell, who actually lived, at the time this suit was commenced, and still lives near Quilcene, Jefferson county, Washington, and who could come to Seattle, King county, Washington, for the trial of said action as conveniently as to go to Port Orchard; that defendant's automobile was taken to and repaired at an automobile repair shop in Seattle; that the person or persons who took defendants' said automobile to such repair shop and who could testify as to its position after said collision, and the person or persons who repaired defendants' said automobile, or who could testify as to the damage thereto on account of said collision, live in Seattle.

"That it may be necessary and material to have the jury in the trial of this case view the place of said collision, but this could not be done, if said trial was held in Kitsap county, but could easily be done if held in Seattle.

"That plaintiffs could not compel any of their witnesses in this case to attend the trial thereof in Kitsap county, but if they refused to so attend, plaintiffs would be compelled to take their depositions, and they would be deprived of the benefit of the personal testimony of such witnesses in open court before the jury. That even if said witnesses would voluntarily attend such trial in Kitsap county, their fees and mileage would be very large, especially if expert witnesses were used, so as to make such trial unreasonably and unnecesarily expensive and burdensome, without any benefit to the defendants. That the attorneys for both plaintiffs and defendants in this suit reside in Seattle.

"That unless the place of trial of said action be changed to King county, Washington, and plaintiffs' motion therefor granted, the ends of justice will be defeated; while such change would in no way injure defendants, or place any burden or expense on them, but would in fact save them as well as plaintiffs heavy expense."

There was but one controverting affidavit made by the attorney for the Attwells, the material portion of which is as follows:

"That he is the attorney for the defendants above named; that he has fully investigated the facts involved in the above suit; that the above action results from an automobile collision occurring at the intersection of Fifty-first street and Stone Way in the city of Seattle, Washington; that the automobile of the plaintiff was driven by E. S. Merritt, wife of F. T. Merritt, attorney for the plaintiff above named; that said intersection is a right angle intersection presenting no unusual characteristics; that it is not necessary for any jury to view the intersection.

"That according to plaintiff's affidavit there is only one eye witness, a boy fourteen years of age residing

in Seattle, other than the witnesses in plaintiff's car and defendant; that if plaintiff has several witnesses who saw plaintiff's car after the collision, said testimony is only cumulative; that in plaintiff's affidavit it is stated that they will have several witnesses to testify as to the measurements of the streets and as to photographs; that this evidence is only cumulative and very likely could be testified to by one of said witnesses; that defendant is a resident of Port Orchard, Kitsap county, Washington, and has witnesses in Port Orchard, who will testify in this case, at least two or three, besides defendants; that if the place of trial is held in King county instead of Port Orchard, the place of the defendant's residence, the defendant will be put to the expense of bringing witnesses from Port Orchard to Seattle, placing a great burden of expense upon the defendant.''

No other facts were before the trial court than those we have shown, whereupon the trial court announced that the right of a party to be sued in the county of his residence was a valuable right and that he would deny the motion. Before any formal order was entered, however, the relators began these actions in this court, obtained orders to show cause why peremptory writ of mandate should not issue, and the matter is before us for final determination.

[1]   The application for a change of the place of trial was made under the authority of Rem. Comp. Stat., § 209 [P. C. § 8545], which still stands without change as it has existed for many years. What may be for the convenience of witnesses or what may promote the ends of justice are usually facts which must be proven by competent evidence, and while there is a certain discretion lodged in the trial court, that discretion must be exercised in the light of the evidence produced.

The relators' affidavit is clear, full and comprehensive. It shows a situation where anyone at a glance

must comprehend that the plaintiffs in both actions would be hampered, put to unreasonable and unnecessary expense, and perhaps their rights would be jeopardized by being forced to try their cases anywhere save in King county where the accident occurred. The controverting affidavit hardly lessens the force of relators' showing in any particular and by failing to show that the two or three witnesses of the defendants who reside in Kitsap county are material witnesses, it raises no counterbalancing issue.

When the evidence is clear, unconflicting in the essentials, and points unerringly to one result, to refuse to follow it is what the law denominates an abuse of discretion, such as justifies this court in taking cognizance of the matter.

The defendant's right to be sued in his home county is, as indicated by the trial court, a valuable right, and other things being equal, it should not be denied, but our statute, notwithstanding that right, has provided for a change of the place of trial where the convenience of the witnesses or the ends of justice demand, and the rights so granted are as valuable as the other.

Respondent relies upon *State ex rel. Schlosberg v. Superior Court,* 106 Wash. 320, 179 Pac. 865; *State ex rel. Conley v. Superior Court,* 106 Wash. 569, 181 Pac. 50; *Leopold v. Livermore,* 115 Wash. 481, 197 Pac. 778 and *State ex rel. Shook v. Superior Court,* 141 Wash. 651, 252 Pac. 103, in each of which cases it was held that, on conflicting evidence, the discretion of the trial court would not be reviewed in a proceeding such as this. But in each of those cases there was a real conflict in the evidence presenting actual issues of fact which might have been decided either way. This case more nearly resembles the case of *State ex rel. Ross v. Superior Court,* 132 Wash. 102, 231 Pac. 453. In all

of its essentials it falls directly within the rule there announced and we think the subject requires no further elaboration.

The peremptory writ will issue in each case as prayed for.

FULLERTON, C. J., MAIN, MITCHELL, and ASKREN, JJ., concur.