[No. 25270. Department Two. January 17, 1935.]

THE STATE OF WASHINGTON, *on the Relation of August Schmidt, Plaintiff*, v. W. M. NEVINS, *Judge of the Superior Court for Lincoln County, Respondent*.[1]

*Connelly & Kerley*, for relator.
*Pettijohn & McCallum*, for respondent.

BLAKE, J.—While crossing Third avenue at Cedar street, in the city of Spokane, relator was struck by an automobile alleged to have been driven by George W. Schultz. Relator brought an action against Schultz and wife in the superior court of Spokane county. Upon making their appearance in the case, Schultz and wife, claiming to be residents of Lincoln county,

[1]Reported in 39 P. (2d) 990.

moved for change of venue to that county. The motion was granted.

Thereafter, relator interposed a motion for change of venue from Lincoln to Spokane county, on the ground of convenience of witnesses. The motion having been denied, relator here seeks a writ of mandamus directing the judge of the superior court of Lincoln county to grant the motion.

Long ago this court held that it would not, upon application for an extraordinary writ, review a ruling of a trial court made in the exercise of discretionary power, where the remedy by appeal is adequate. *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 877, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F, 905. The rule has been repeatedly invoked and applied in cases where it has been sought to review the ruling of a trial court on a motion for change of venue on the ground of convenience of witnesses. *State ex rel. Schlosberg v. Superior Court,* 106 Wash. 320, 179 Pac. 865; *State ex rel. Shook v. Superior Court,* 141 Wash. 651, 252 Pac. 103; *Leopold v. Livermore,* 115 Wash. 481, 197 Pac. 778.

Running through these decisions, however, is the thought, expressed in the early case of *State ex rel. Port Blakely Mill Co. v. Superior Court,* 9 Wash. 673, 38 Pac. 155, that, in case of arbitrary or capricious action on the part of the trial court, this court would review the ruling upon application for an extraordinary writ. Upon this theory, we have granted writs of mandamus in at least two cases, where trial courts have denied motions for change of venue on the ground of convenience of witnesses. *State ex rel. Ross v. Superior Court,* 132 Wash. 102, 231 Pac. 453;

*State ex rel. Merritt v. Superior Court,* 147 Wash. 690, 267 Pac. 503.

In the latter case, the affidavits in support and in resistance of the motions for change of venue are set out in the opinion. The affidavits for and against the motion in the instant case are, in all essential features, the same as the affidavits there set out. The decision of the instant case might very well be rested upon that decision. But respondent here confronts us with the case of *State ex rel. Shook v. Superior Court, supra,* where on an almost identical showing an application for a writ of mandamus was denied. The apparent conflict in the two cases leads us to modify, in a degree, the holding in the *Meritt* case.

Where discretion, soundly exercised, leaves off and arbitrary or capricious conduct begins, is difficult to say. Essentially, it must be determined from the record made in each case. To illustrate: A resident of Asotin county, driving alone, might run down a pedestrian on the main corner of Port Angeles at midday. As a matter of right, he could have an action, brought in Clallam county, removed to Asotin county. *State ex rel. Owen v. Superior Court,* 110 Wash. 49, 187 Pac. 708. Confronted with a motion for change of venue back to Clallam county, supported by affidavits of eyewitnesses to the accident, the superior court of Asotin county could hardly refuse, in the sound exercise of its discretion, to grant the motion. On the other hand, such discretion might be soundly exercised in denying the motion in case the resident of Asotin county should have been accompanied by passengers who also resided in Asotin county. In each instance, whether the trial court has acted arbitrarily or exercised a sound discretion must be determined from the record upon which it acted.

Now, the point we are making is this: The record

presented to the trial court in this case (although in all essential respects similar to that presented in the case of *State ex rel. Merritt v. Superior Court)* is not such that we can say there was an abuse of discretion in denying the motion for change of venue. On the one hand, relator's counsel asserted there were ten or a dozen persons living in Spokane who would be called as witnesses if the case were tried there. On the other hand, Schultz and his counsel swore there were several persons residing in Lincoln county who were material witnesses to his side of the case, and would testify for him if the cause were tried at Davenport. Neither (except as to expert witnesses) gave the names or addresses of the witnesses to whom they referred—much less did they give any resume as to what the witnesses knew or would testify. In other words, the affidavits are replete with the conclusions of the affiants, but bare of facts. Before we can say that the trial court has acted arbitrarily or capriciously in denying a motion for change of venue on the ground of convenience of witnesses, we must know something about who the witnesses are, where they reside, and to what they would testify.

The application for a writ of mandamus is denied.

BEALS, HOLCOMB, and STEINERT, JJ., concur.