[No. 28291. Department Two. February 25, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Marie Nielsen et al., Plaintiffs,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, *John M. Wilson, Judge, Respondent.*[1]

[1] Reported in 110 P. (2d) 645.

*Reuben Lee Crandell,* for relators.

*Thomas L. O'Leary* and *Ernest L. Meyer,* for respondent.

BEALS, J.—Marie Nielsen, her husband, August Nielsen, and Alfred H. Nitsche brought suit before the superior court for King county, against Robert Kagy, demanding judgment against defendant for damages on account of physical injuries which plaintiffs alleged Marie Nielsen suffered as the result of a collision between an automobile driven by defendant and one owned by plaintiff Nitsche, in which plaintiff Marie Nielsen was riding as a passenger. The accident occurred in the city of Seattle. Robert Kagy, the defendant, moved for a change of venue to Thurston county, that being his place of residence. An order was entered removing the cause to Thurston county, and thereafter the plaintiffs moved that the action be sent back to King county for trial, basing the motion upon two grounds: First, the convenience of witnesses; and second, that the ends of justice would be served by the change of venue which they asked. Affidavits were filed by the respective parties, and the motion was heard upon these affidavits.

In due time an order was entered denying plaintiffs' motion for a change of venue, whereupon the plaintiffs in the action (relators here) applied to this court for an alternative writ of mandate, directed to

the judge of the superior court for Thurston county who had denied the change of venue, requiring him to grant relators' motion, or show cause why he should not do so. Return to the writ having been filed, the matter was argued and submitted to this court upon the record presented by the respective parties.

From the record, it appears that Mr. Kagy was alone in his car at the time of the collision, and that, so far as his knowledge and information extend, there were no eyewitnesses of the accident save himself and the persons who were riding in Mr. Nitsche's automobile. On the other hand, relators filed before the superior court the affidavits of Alfred E. Eder and Ruth E. Eder, who deposed that they saw the accident, and stated what they observed. These witnesses reside in the city of Seattle, and state in their affidavits that they "feel that they would not willingly go to Olympia to" testify at the trial of the case.

The relators also showed that Donald E. Nitsche was driving Alfred H. Nitsche's car at the time of the collision, and that he also resides in the city of Seattle. Alfred H. Nitsche also sued for damages to his automobile.

So far as the record shows, Mr. Kagy's only witnesses are his doctor, who treated him for the injuries which he received in the collision, and a mechanic who repaired Mr. Kagy's automobile, both of these witnesses residing in Olympia. Mr. Kagy also stated in his affidavit that he desired to employ a draftsman to make a plat of the scene of the collision, and a physician residing in Olympia to make a physical examination of Marie Nielsen. It also appears that Mr. Kagy intends to cross-complain for damages suffered by him.

Rem. Rev. Stat., § 205-1 [P. C. § 8542-1], provides that an action may be brought in any county in which the defendant resides, while § 209 [P. C. § 8545] pro-

vides that the court may, on motion, change the place of trial, when satisfied "that the convenience of witnesses or the ends of justice would be forwarded by the change." The section provides for a change of venue upon other grounds, which are not pertinent to this inquiry.

As Thurston county is more than twenty miles from the city of Seattle, it is manifest that witnesses residing in Seattle cannot be required by subpoena to attend before the superior court for Thurston county.

Relators concede that, in passing upon such a motion as that made for a change of venue, the superior court has a measure of discretion in determining where the action shall be tried, contending, however, that in this instance the respondent judge failed to exercise sound judicial discretion in passing upon their motion, and in denying the same acted so arbitrarily that this court in this proceeding should reverse the ruling of the trial court and direct that the change of venue be granted.

In the case of *People v. Pfanschmidt*, 262 Ill. 411, 104 N. E. 804, Ann. Cas. 1915A, 1171, the supreme court of Illinois, in discussing the exercise of judicial discretion, said:

"A judicial discretion, in practice, is 'the equitable decision of what is just and proper under the circumstances.' [Citing authorities.] Abuse of discretion does not mean only the decision of a case by whim or caprice, arbitrarily or from a bad motive [citing authorities], but it also means that the discretion has not been justly and properly exercised under the circumstances of the case."

In the case of *State ex rel. Ross v. Superior Court*, 132 Wash. 102, 231 Pac. 453, this court said:

"It is, of course, somewhat within the discretion of the court whether it will or will not grant a change of venue on the ground of the convenience of wit-

nesses. But discretion in this regard is never arbitrary. It must, like discretion in other matters, be based on reason. If it appears from the entire showing that the convenience of witnesses will be promoted by the change, the court cannot deny it on the ground of discretion without an abuse of discretion. To hold otherwise would be to deny to a party the benefit of the statute."

In the case of *State ex rel. Merritt v. Superior Court,* 147 Wash. 690, 267 Pac. 503, in considering a question similar to that now before us, this court again referred to the rule, as follows:

"What may be for the convenience of witnesses or what may promote the ends of justice are usually facts which must be proven by competent evidence, and while there is a certain discretion lodged in the trial court, that discretion must be exercised in the light of the evidence produced."

For many years, this court has, by means of some extraordinary writ, reviewed rulings by superior courts in granting or denying changes of venue, and that practice has become a recognized form of our judicial procedure. In many cases, we have upheld orders denying a change of venue, while in others, such orders have been reversed, with directions to grant the change.

Our practice in regard to reviews of such orders as that now before us has not been constant. We have entertained applications for writs of mandate and have reviewed such orders on writs of certiorari. In the cases of *State ex rel. Gamble v. Superior Court,* 190 Wash. 127, 66 P. (2d) 1135, and *State ex rel. Hand v. Superior Court,* 191 Wash. 98, 71 P. (2d) 24, by way of a writ of certiorari, we reviewed and reversed orders denying a change of venue; in the case of *State ex rel. Schmidt v. Nevins,* 180 Wash. 356, 39 P. (2d) 990, we entertained and denied an application for a writ of mandate to review an order denying a change of venue;

and in the recent case of *State ex rel. Beffa v. Superior Court,* 3 Wn. (2d) 184, 100 P. (2d) 6, we denied an application for a writ of mandate to require the superior court to grant a change of venue, holding that this court would not, by an extraordinary writ, interfere with the exercise of the trial court's discretion prior to the time the superior court had acted upon an application for a change of venue. In the case last cited, the case was considered on the merits, and the application denied.

We are convinced that a party feeling himself aggrieved by the granting or denial by the superior court of a motion for a change of venue may bring the order before this court for review by way of a writ of certiorari. It is not the best practice to review by writ of mandate an order which has been entered, and direct the trial court to set aside an order involving the exercise of judicial discretion, when it would not be proper, upon an application for a writ of mandate, to direct the court to take either affirmative or negative action before the entry of any order. This court may, by a writ of mandate, require a superior court to act in a matter which is pending before that court, in which, because of the peculiar facts, there is no place for the trial court to exercise any discretion, but a motion for change of venue does not fall within that category.

In the proceeding at bar, the trial court entered a formal order denying the change of venue, whereupon relators have applied to this court for a writ of mandate, directing the trial court to set aside the order which was made, and enter in place thereof an order granting relators' motion for a change of venue.

In the case of *State ex rel. Crockett v. Sutton,* 159 Wash. 307, 293 Pac. 469, the relator asked for a writ of mandate and prohibition. This court, being of the

opinion that the relator was entitled to review here an order of the superior court denying a motion to vacate a judgment, considered the application as one for certiorari, and directed that the record before the court below be certified to this court for review.

In the case at bar, the return of the trial court to the application for the writ of mandate discloses that the entire record of the proceedings before the superior court on relators' motion for change of venue is now before us, and we accordingly consider relators' application for a writ of mandate as an application for a writ of certiorari, and proceed to an examination of the questions presented.

The collision which gave rise to this action occurred in King county. Relators Neilsen and Alfred J. Nitsche are residents of King county, as are Alfred E. Eder and Ruth E. Eder, eyewitnesses to the accident, and Donald A. Nitsche, who was driving the car in which Mrs. Neilsen was a passenger. On the other hand, the defendant in the action, Robert Kagy, is a resident of Thurston county; the doctor who treated him, and the mechanic who repaired his car, being also residents of Thurston county. That Mr. Kagy desires a friend of his who resides in Thurston county to prepare a plat of the scene of the accident, and desires a physician who is a resident of that county to examine Mrs. Neilsen, has little or no bearing upon the matter of the change of venue.

This court has been often called upon to review rulings of superior courts upon applications for change of venue. Each case must depend upon its own facts. Relators rely upon certain of our decisions, while respondent cites others.

In the case of *State ex rel. Ross v. Superior Court, supra,* this court held that the superior court had erred in refusing to grant defendant's motion for a

change of venue in a divorce case. It appeared that the acts of cruelty upon which the plaintiff relied took place in King county, where the defendant was residing at the time of the institution of the action. It was held that the matter of the division of the property of the parties, the property being located in Klickitat county, where the action was brought, was a secondary consideration, and that the superior court erred in denying the defendant's motion for a change of venue.

In the case of *State ex rel. Merritt v. Superior Court, supra,* it appeared that two actions were instituted before the superior court for King county against one Attwell, for the purpose of recovering damages resulting from an automobile collision, which occurred in King county. The defendants appeared, alleging that they were residents of Kitsap county, and demanding a change of venue, which was granted. The plaintiffs then moved for a change of venue to King county, upon the same statutory ground upon which relators here rely. The trial court stated that the motion would be denied, whereupon application was made to this court for a writ of mandamus directing that the change of venue be granted. This court held that the situation clearly showed that the plaintiffs in the two actions

" . . . would be hampered, put to unreasonable and unnecessary expense, and perhaps their rights would be jeopardized by being forced to try their cases anywhere save in King county where the accident occurred,"

and granted the writ prayed for.

In the case of *State ex rel. Schmidt v. Nevins, supra,* this court, while refusing to issue a writ of mandamus to compel the superior court to grant a motion for a change of venue, said:

"Where discretion, soundly exercised, leaves off and arbitrary or capricious conduct begins, is difficult to say. Essentially, it must be determined from the record made in each case. To illustrate: A resident of Asotin county, driving alone, might run down a pedestrian on the main corner of Port Angeles at midday. As a matter of right, he could have an action, brought in Clallam county, removed to Asotin county. *State ex rel. Owen v. Superior Court,* 110 Wash. 49, 187 Pac. 708. Confronted with a motion for change of venue back to Clallam county, supported by affidavits of eyewitnesses to the accident, the superior court of Asotin county could hardly refuse, in the sound exercise of its discretion, to grant the motion. On the other hand, such discretion might be soundly exercised in denying the motion in case the resident of Asotin county should have been accompanied by passengers who also resided in Asotin county. In each instance, whether the trial court has acted arbitrarily or exercised a sound discretion must be determined from the record upon which it acted."

We are of the opinion that the trial court erred in denying relators' motion for a change of venue to King county. The convenience of witnesses and the ends of justice will certainly be forwarded by the change.

The order under review is reversed, with directions to grant the motion for a change of venue.

BLAKE, MILLARD, and SIMPSON, JJ., concur.

JEFFERS, J. (dissenting)—I am unable to agree with the conclusions reached in the majority opinion. In the first place, it seems to me to be unnecessary in the instant case to treat relators' application for a writ of mandate as an application for a writ of certiorari, in view of our decisions in the following cases: *State ex rel. Ross v. Superior Court,* 132 Wash. 102, 231 Pac. 453; *State ex rel. Merritt v. Superior Court,* 147 Wash. 690, 267 Pac. 503; *State ex rel. Schmidt v. Nevins,* 180 Wash. 356, 39 P. (2d) 990; *State ex rel. Beffa v. Su-*

*perior Court,* 3 Wn. (2d) 184, 100 P. (2d) 6. In the case last cited, we stated:

"While an application for change of venue on the ground of convenience of witnesses is addressed to the sound discretion of the court, nevertheless, if the discretion be exercised in an arbitrary or capricious manner, it amounts to an abuse of discretion, such as will justify this court in reviewing the matter upon application for a writ of mandate."

The majority opinion must be based upon the fact that the trial court abused the discretion vested in it.

Under our venue statutes, I am of the opinion that, in an action of this character, the defendant is the favored party, with the right to have the action brought in the county of his residence. *State ex rel. Hand v. Superior Court,* 191 Wash. 98, 71 P. (2d) 24.

In the instant case, plaintiffs moved for a change of venue from the county of defendant's residence (Thurston county) to the county of plaintiffs' residence (King county), upon the ground that the convenience of witnesses and the ends of justice would be served by such change. This surely presented a question which called for an exercise of judicial discretion by the trial judge. His order denying this motion should, in my opinion, stand, unless there has been a manifest abuse of that discretion. I again refer to the *Beffa* case, *supra,* wherein we stated:

"However, it can safely be said that abuse of judicial discretion is not shown unless the discretion has been exercised upon grounds, or to an extent, clearly untenable or manifestly unreasonable."

Governed by the rule above mentioned, I am clearly of the opinion that this record does not show an abuse of discretion.

Plaintiffs have shown by affidavits that it would be inconvenient for three of their witnesses to come to

Olympia to testify, and two of these witnesses state in their affidavits that they "now feel that they would not willingly go to Olympia, Washington, to testify in said cause." Plaintiffs' attorney in his affidavit also states that there are two other important witnesses for plaintiffs, who live in Seattle, and for whom it would be a serious inconvenience to go to Olympia to testify.

On the other hand, defendant shows by an affidavit made by his counsel that all of his material witnesses, five in number, live in Olympia, and that it would be just as inconvenient for these witnesses to attend court in Seattle as it would be for plaintiffs' witnesses to attend court in Olympia.

There is no doubt but that a change of place of trial to King county would be convenient for plaintiffs' witnesses, but this alone is not a sufficient reason for granting such a change. The entire situation must be looked at, and due consideration given to the convenience of the witnesses for each party, rather than to the convenience of plaintiffs' witnesses alone. *Leopold v. Livermore,* 115 Wash. 481, 197 Pac. 778.

It is true, as stated in the majority opinion, that the decision in each case calling for a review upon an application for change of venue must depend upon its facts. However, I think it quite significant that neither of the cases cited in the majority opinion to support a reversal of the trial court in the instant case goes as far, in my opinion, as does the majority opinion in this case.

In *State ex rel. Ross v. Superior Court, supra,* in so far as witnesses were concerned, it was shown that all known witnesses for both parties resided in King county, to which county relator was asking that the case be transferred for trial. King county was also the place of residence of relator (the defendant).

In *State ex rel. Merritt v. Superior Court, supra,* a change of venue to plaintiff's county was granted, upon a showing that the accident occurred in that county and that all known material witnesses resided there.

I am therefore of the opinion that it cannot be said in this case that the trial court abused the discretion vested in it, in holding that neither the convenience of witnesses nor the ends of justice required a transfer of this case to King county for trial.

For the foregoing reasons, I dissent.

### On Rehearing.

#### [*En Banc.* July 7, 1941.]

JEFFERS, J.—This proceeding is here on application for an alternative writ of mandate to require respondent, Honorable John M. Wilson, judge of the superior court for Thurston county, to grant relators' motion for change of venue, and transfer the cause of Nielsen *et al.* v. Kagy to the superior court for King county, for trial.

This action was originally heard before Department Two of this court, and, on February 25, 1941, the department reversed the lower court and granted relators' motion for change of venue. A petition for rehearing before the entire court was filed and granted, and the case was reargued before the court sitting *En Banc.*

Marie Nielsen and husband and Alfred H. Nitsche instituted in the superior court for King county an action against Robert Kagy, to recover damages claimed to have been suffered by Mrs. Nielsen as the result of a collision between an automobile owned by Alfred H. Nitsche, in which Mrs. Nielsen was riding, and an automobile owned and operated by Mr. Kagy. The accident occurred in Seattle. Defendant Robert Kagy moved for a change of venue to Thurston county, that

being the place of his residence. This motion was granted. Upon the filing of the cause in Thurston county, plaintiffs moved for a change of venue back to King county, on the grounds that the convenience of witnesses and the ends of justice would be best served by such change.

Affidavits were submitted by the respective parties for and against the motion, and thereafter an order denying the motion was made and entered by the superior court for Thurston county. Relators then applied to this court for an alternative writ. The writ having issued, and a return thereto having been filed, the matter was argued and submitted to the court upon the record as made.

While Judge Wilson is the nominal respondent in this action, for convenience defendant Kagy will be hereinafter referred to as respondent.

From the affidavits filed, it appears that Mr. Kagy was alone in his car at the time of the accident. Relators have filed the affidavits of Alfred E. Eder and Ruth E. Eder, who stated therein that they saw the accident. Each of these affidavits concludes as follows:

"That it would be seriously inconvenient for affiant to go to Olympia to give his testimony and would cause affiant substantial loss in time and earnings if he should be compelled to do so and affiant now feels that he would not willingly go to Olympia to so testify."

These witnesses reside in Seattle, as also does Alfred H. Nitsche, who sued for damages to his automobile.

On the other hand, the record shows that respondent will call as witnesses the following persons, all of whom reside in Olympia: The doctor who treated respondent for injuries claimed to have been received by him as a result of the collision; the mechanic who

repaired his car; and an employee in the office of the city engineer of Olympia, who will prepare a plat of the scene of the accident. It further appears that respondent will ask for an order compelling Marie Nielsen to submit to a physical examination by a doctor of his choosing, that respondent expects to select an Olympia physician for that purpose, and that it will be necessary for such doctor to attend the trial.

Rem. Rev. Stat., § 205-1 [P. C. § 8542-1], provides that an action may be brought in any county in which the defendant resides.

Rem. Rev. Stat., § 209 [P. C. § 8545], provides:

"The court may, on motion, in the following cases, change the place of trial, when it appears by affidavit or other satisfactory proof,— . . .
"3. That the convenience of witnesses or the ends of justice would be forwarded by the change."

As Thurston county is more than twenty miles from Seattle, it is of course apparent that witnesses living in Seattle cannot be compelled to personally go to Thurston county to testify. Their depositions could, of course, be taken.

Relators contend that the trial court acted arbitrarily in denying their motion, and that the court failed to exercise sound discretion in the premises.

■ Under our venue statutes at the time this application was made, we are of the opinion that, in a proceeding of this character, the defendant is the favored party, with the right to have the action brought in the county of his residence. *State ex rel. Hand v. Superior Court,* 191 Wash. 98, 71 P. (2d) 24. In the cited case, we quoted from the case of *State ex rel. De Lape v. Superior Court,* 156 Wash. 302, 286 Pac. 851, as follows:

" 'In *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905, Judge Chadwick, speaking for the court and citing our prior decisions

touching the right of a defendant to have the venue of an action of this nature in the superior court of the county of his residence, said:

"' "Under Rem. Code, §§ 207, 208 and 209, one who is sued in a county other than that of his residence is entitled to a change of venue, if the action be a transitory one.

"' "While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called upon to pass upon the question." ' "

The disputed question of fact above referred to was as to the residence of the defendant. In the instant case, it is not contended that the residence of respondent is not in Thurston county.

■ In the instant case, relators moved for a change of venue from the county of respondent's residence to the county of their residence, upon the grounds that the ends of justice and the convenience of witnesses would be best served by such change. This surely presented a question which called for an exercise of judicial discretion by the trial judge. His order denying this motion should stand, unless there has been a manifest abuse of that discretion.

In *State ex rel. Beffa v. Superior Court,* 3 Wn. (2d) 184, 100 P. (2d) 6, we stated:

"However, it can safely be said that abuse of judicial discretion is not shown unless the discretion has been exercised upon grounds, or to an extent, clearly untenable or manifestly unreasonable."

■ Governed by the rule above mentioned, we are clearly of the opinion that this record does not show an abuse of discretion.

Relators have shown by affidavits that it would be

inconvenient for three of their witnesses to go to Olympia to testify, and two of their witnesses state in their affidavits that they now feel that they would not willingly go to Olympia to testify in the cause. Relators' attorney, in his affidavit, also states that there are two other important witnesses for relators who live in Seattle, and for whom it would be a serious inconvenience to go to Olympia to testify.

On the other hand, respondent, by an affidavit made by his counsel, shows that all his material witnesses, five in number, including respondent, live in Olympia, and that it would be just as inconvenient for these witnesses to attend court in Seattle as it would for relators' witnesses to attend court in Olympia.

There is no doubt but that a change of place of trial to King county would be convenient for relators' witnesses, but this alone is not a sufficient reason for granting such a change. The entire situation must be looked at, and due consideration given to the convenience of the witnesses for each party, rather than to the convenience of relators' witnesses alone. *Leopold v. Livermore,* 115 Wash. 481, 197 Pac. 778.

We are of the opinion that the two cases principally relied upon by relators, namely, *State ex rel. Ross v. Superior Court,* 132 Wash. 102, 231 Pac. 453, and *State ex rel. Merritt v. Superior Court,* 147 Wash. 690, 267 Pac. 503, are not controlling herein. In the former, in so far as witnesses were concerned, it was shown that all known witnesses for both parties resided in King county, to which county relator was asking that the case be transferred for trial. King county was also the place of residence of the relator (defendant). In the latter case, a change of venue to the plaintiff's county was granted, upon a showing that the accident occurred in that county and that all known material witnesses resided there.

The two cases above cited present, on the facts, different situations than that presented in the instant case. We have often said that, in applications for change of venue, each case must depend upon its own facts.

In the case of *State ex rel. Shook v. Superior Court,* 141 Wash. 651, 252 Pac. 103, wherein practically the same contentions were made by relator as are made by relators in the instant case, we stated:

· "We have uniformly held in cases of this kind, that is, applications for a change of venue on the grounds that the convenience of witnesses and forwarding of justice required it, that the matter of such change is addressed to the discretion of the trial judge to whom the application is presented, and that we will not review, prior to an appeal in regular course, the judgment and discretion exercised by him, by a writ of mandate, where the hearing before him was had upon conflicting affidavits, as was the fact in this case. The theory of that ruling, as it is expressed in our cases, is to the effect that if, in passing upon such an application, the court err in the exercise of its discretion, it does no more than commit error in judgment denying no inherent right or justice to any of the parties in the case, and that we will not control or review that discretion by peremptory writs in advance of appeals where the question may be finally litigated. [Citing cases.]"

We are of the opinion it cannot be said the discretion of the trial court was exercised on untenable or unreasonable grounds. We are clearly of the opinion that this record does not show the trial court was arbitrary or capricious in refusing to transfer the case to King county for trial. We think, on the contrary, the court's discretion was exercised upon reasonable grounds.

The writ is denied.

ROBINSON, C. J., MAIN, STEINERT, and SIMPSON, JJ., concur.

580

BEALS, J. (dissenting)—For the reasons stated in the Departmental opinion heretofore filed in this case, I dissent from the conclusion reached by the majority. In my opinion, the order should be reversed.

MILLARD, BLAKE, and DRIVER, JJ., concur with BEALS, J.

